IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE PODKULSKI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17−cv−1284−NJR |
| TROST, BUTLER, WILLIAMS, LYRCIA, JOHN DOE #1, JOHN DOE #2, and JANE DOE, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Podkulski, a former inmate of Menard Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Because Plaintiff has been released from custody, the Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Not withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
> i. is frivolous or malicious;
> ii. fails to state a claim on which relief may be granted; or
> iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough

1

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff originally filed suit on November 27, 2017. (Doc. 1). On February 7, 2018, the Court determined that two of Plaintiff's claims were not properly joined to the action pursuant to Federal Rules of Civil Procedure 18 and 20 and severed those claims into separate actions. (*see* Doc. 7). Three of Plaintiff's claims proceed in this action.

Plaintiff alleges that he arrived at Menard on May 6, 2017. (Doc. 1, p. 3). He experiences difficulty walking due to a neurological issue and uses a wheelchair. *Id.* Despite this, Trost, Butler, Williams, and Lyrcia allowed his wheelchair to be taken away from him. *Id.*

Plaintiff also suffers from seizures. Prior to his time at Menard, Plaintiff had been prescribed the seizure medication "Onfi," but Trost would not approve the medication because he was allegedly deliberately indifferent to Plaintiff's seizures. *Id.*

Plaintiff alleges that as a result of his condition, he suffers from both urinary and fecal incontinence, yet Trost, Butler, Williams, and Lyrcia made no provision for him to have hygiene supplies or use anything but his personal sink for cleaning purposes. *Id.* Plaintiff alleges that for at least a one week period, he had nothing to clean himself with but water and his hands, and that during the same time period, he had to use his hands to eat his meals. *Id.* Plaintiff alleges that he was denied medical treatment because Menard has a policy of cutting medical care to save on costs. (Doc. 1, p. 5).

2

On May 26, 2016, Plaintiff was in the receiving area when he had a seizure, which left him covered in feces and urine. (Doc. 1, p. 4) Jane Doe Nurse and John Doe #2 left him lying in his waste for a few days, despite the fact that Plaintiff told them he could not move. *Id.* Plaintiff's food was thrown into the cell through the chuck hole, and because he could not reach it, he was unable to eat. *Id*.

Plaintiff filed grievances during the relevant time period and sent copies to Butler, Williams, and Lyrcia, who failed to intervene. (Doc. 1, p. 4). Plaintiff alleges that Menard has a policy and practice of refusing to respond to grievances. (Doc. 1, pp. 4-5).

## **Discussion**

As explained above, the severance order designated three claims for this action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

**Count 1 –** Trost, Butler, Williams, and Lyrcia were deliberately indifferent to Plaintiff's neurological issues when they denied him his wheelchair, seizure medication, and adequate hygiene supplies to address his related incontinence in violation of the Eighth Amendment;

**Count 2 –** Jane Doe and John Doe #2 subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment when they left him in his own waste for a few days and refused to assist him in eating.

For the reasons stated below, however, the following claim must be dismissed from this action at this time:

**Count 3 –** Butler, Williams, and Lyrcia violated Plaintiff's constitutional rights when they refused to respond to his grievances.

Plaintiff has alleged that the defendants were deliberately indifferent to his serious medical needs. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show: (1) that he suffered from an objectively

3

serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

The Court assumes for the purposes of this Order that Plaintiff's unspecified neurological disorder constitutes a serious medical need based on the severity of the symptoms described. Plaintiff has alleged that the defendants acted to deprive him of various medical interventions for his disease. They did not provide him with a wheelchair despite his need for one. They did not medicate his seizures. They refused to make allowances for his condition by ensuring that he had adequate hygiene items to address the fallout of his incontinence, and put him at risk of further harm. At this stage, Plaintiff has adequately articulated a claim for deliberate indifference against the Trost, Butler, Williams, and Lyrcia.

In **Count 2**, the Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff has alleged that he suffered a seizure and that as a result of the seizure, he became incontinent and soiled himself. He alleges that he asked John and Jane Doe for assistance, but rather than provide it, they left him lying in a soiled bed for several days. Plaintiff also alleges that because he could not rise from the bed, he could not eat his meals, which were thrown on the floor. Plaintiff has alleged that he was deprived of hygiene and food for approximately a week's time. This raises an inference that Plaintiff' was deprived of life's minimal necessities. Further, Plaintiff has alleged that John and Jane Doe were aware of his condition, but refused to intervene. That is a plausible allegation of deliberate indifference, and **Count 2** shall be permitted to proceed against John and Jane Doe.

**Count 3**, which alleges that Butler, Williams, and Lyrcia failed to respond to grievances, must be dismissed with prejudice. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81

5

F.3d 1422, 1430 (7th Cir. 1996). The Court has already construed Plaintiff's deliberate indifference claim against Butler, Williams, and Lyrcia; Plaintiff has no stand-alone claim based on the grievance procedure. Accordingly, **Count 3** will be dismissed with prejudice.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel shall be referred to Magistrate Judge Donald J. Wilkerson for disposition. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Trost, Butler, Williams, Lyrcia, and John and Jane Doe. **Count 3** is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate defendants John Doe (Psychiatrist Menard CC) and Counselor Niepert as those defendants were severed into separate actions and no further claims remain against them in this action.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Trost, Butler, Williams, and Lyrcia: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 9, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**