IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE PODKULSKI,               )
                               )
            Plaintiff,         )
                               )
    vs.                        )    Case No. 18-cv-214-MJR
                               )
JOHN DOE 1,                    )
                               )
            Defendant.         )

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This case was severed on February 9, 2018 from *Podkulski v. Trost*, Case No. 17-cv-1284-NJR-DGW (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 4 in the original case, described as follows:

> **Count 4** – John Doe #1 was deliberately indifferent to Plaintiff's PTSD when he denied Plaintiff's request for single celling, causing Plaintiff to attempt suicide, in violation of the Eighth Amendment.

Plaintiff Steve Podkulski, a former inmate of Menard Correctional Center (Menard), filed the original civil rights action pursuant to 42 U.S.C. § 1983 on November 27, 2017, alleging that various Menard officials violated his constitutional rights. Count 4 is directed against John Doe #1, a psychiatrist at Menard. Because Plaintiff was not a prisoner at the time of filing, the Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal—
>
>   i.   is frivolous or malicious;

1

> ii. fails to state a claim on which relief may be granted; or
>
> iii. seeks monetary relief against a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint (Doc. 2)**

Plaintiff's factual allegations relating to Count 4 are as follows.

Upon arriving at Menard, Plaintiff told John Doe #1, a psychiatrist, that he could not be celled with anyone because he suffers from severe post-traumatic stress disorder and panic attacks. (Doc. 2, pp. 3-4). John Doe #1 told Plaintiff he did not care. (Doc. 2, p. 4). Plaintiff was double-celled and, as a result, attempted suicide by cutting his wrist twenty to thirty times with a razor blade. (Doc. 1, p. 4).

## Discussion

"Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The Seventh Circuit has held that suicide qualifies as a serious medical condition. *See Pittman ex rel. Hamilton v. Cty. of Madison*, Ill., 746 F.3d 766, 775 (7th Cir. 2014); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006); *Cavalieri v. Shepard*, 321 F.3d 616, 623 (7th Cir. 2003); *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003). "Deliberate indifference to a risk of suicide is present when an official is subjectively 'aware of the significant likelihood that an inmate may imminently seek to take his own life' yet 'fail[s] to take reasonable steps to prevent the inmate from performing the act.' " *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) (quoting *Collins*, 462 F.3d at 761). An official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and the official "must also draw the inference." *Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In the instant case, giving Plaintiff the benefit of the inferences to which he is entitled at the pleading stage, the Complaint suggests that Plaintiff suffered from serious mental health conditions, including a risk of suicide. According to the Complaint, John Doe #1 told Plaintiff

he did not care about his mental health needs and proceeded to assign Plaintiff to a double-cell, resulting in Plaintiff attempting to commit suicide. This is sufficient, at the pleading stage, to state a plausible claim for deliberate indifference.

Accordingly, Plaintiff's Eighth Amendment claim against John Doe #1 will proceed for further review.

## Pending Motions

Plaintiff's motion for leave to proceed *in Forma Pauperis* (Doc. 3) shall be addressed in a separate order.

## Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 4 against John Doe #1 (Unnamed Menard Psychiatrist). This Defendant must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim against them, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Accordingly, Jacqueline Lashbrook, in her official capacity as the Warden of Menard, will be added as a defendant for the sole purpose of responding to discovery aimed at identifying this unknown Defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified Defendant in place of the generic designations in the case caption and throughout the Complaint.

**Disposition**

The Clerk is directed to **ADD JACQUELINE LASHBROOK,** in her official capacity as the **WARDEN OF MENARD CORRECTIONAL CENTER,** as a defendant for the sole purpose of responding to discovery aimed at identifying **JOHN DOE #1** with particularity.

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 4,** shall proceed as to **JOHN DOE #1.** The Clerk of Court shall prepare for Defendants **JOHN DOE #1** (once identified) and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown Defendant until he has been identified by name in a properly filed motion for substitution of parties.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2018**

s/ MICHAEL J. REAGAN
United States District Court
Chief Judge